# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

A.D. ARMSTRONG,
    Plaintiff,

    vs.

WARDEN LEBANON CORRECTIONAL
INSTITUTION,
    Defendant.

Case No. 1:10-cv-636

Black, J.

Litkovitz, M.J.

**ORDER**

Plaintiff, a former inmate at the Lebanon Correctional Institution (LeCI) in Lebanon, Ohio initiated this pro se prisoner civil rights action under 42 U.S.C. § 1983 in 2010.[1] This matter is before the Court on plaintiff's motion to add the Mansfield Correctional Institution to his civil lawsuit. (Doc. 17).

As background, on September 21, 2010, the Court dismissed plaintiff's complaint with prejudice for failure to state a claim for relief under 42 U.S.C. § 1983. (Docs. 4, 5). Plaintiff filed a notice of appeal. (Doc. 7). On April 8, 2011, the Sixth Circuit Court of Appeals affirmed dismissal of plaintiff's case. (Doc. 11). Most recently, in September 2018, the Court denied plaintiff's motion to waive further collection of the filing fees in this matter. (Doc. 16). The Court explained that it was without any legal authority to waive plaintiff's filing fees in this case. (*Id.* at 2-3).

In the present motion, plaintiff argues that Mansfield Correctional Institution is "violating a court order and my due prosses [sic] of law!" (Doc. 17 at 1). Plaintiff explains that he informed the cashier's office at the institution that it cannot take more than 20% of his monthly

---

[1] Plaintiff has not submitted a change of address to this Court; however, based on his most recent motion, it appears that he was transferred to the Mansfield Correctional Institution in Mansfield, Ohio. (*See* Doc. 17).

income to pay filing fees from his case. (*Id.*). Plaintiff seeks reimbursement of the excess amount that the cashier's office allegedly withdrew from his monthly income. (*Id.*).

In view of this Court's Order and Judgment entry dismissing plaintiff's case with prejudice for failure to state a claim for relief under 42 U.S.C. § 1983 (Docs. 4, 5) and the Sixth Circuit's affirmance thereof (Doc. 11), plaintiff lacks authority to file, and this Court lacks any basis upon which to consider plaintiff's filings. *See* Fed. R. Civ. P. 59, 60. *See also Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993) ("As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court."). Therefore, plaintiff's motion (Doc. 17) is **DENIED**.

**IT IS SO ORDERED**.

Date: ___2/28/19___

Karen L. Litkovitz
United States Magistrate Judge